1  Thomas H. Geoghegan (*pro hac vice*)
   tgeoghegan@dsgchicago.com
2  Michael P. Persoon (*pro hac vice*)
   mpersoon@dsgchicago.com
3  Michael A. Schorsch (*pro hac vice*)
   mschorsch@dsgchicago.com
4  Despres, Schwartz & Geoghegan, Ltd.
   77 West Washington Street, Suite 711
5  Chicago, Illinois 60602
   Tel. (312) 372-2511
6  Fax. (312) 372-3791
   admin@dsgchicago.com
7

8  Michael Kielsky
   MK@UdallShumway.com
9  Udall Shumway
   1138 North Alma School Rd, Suite 101
10 Mesa, Arizona 85201
   Tel. (480) 461-5300
11 Bar No. 021864

12
   *Attorneys for Plaintiffs.*

13

**UNITED STATES DISTRICT COURT**
14 **FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

15

16 William Price Tedards, Jr.; Monica Wnuk;
   Barry Hess; Lawrence Lilien, and Ross
17 Trumble;

                                          No.
18                          Plaintiffs,

19          v.
   Doug Ducey, Governor of Arizona, in his      **COMPLAINT**
20 official capacity, and Jon Kyl, Senator of
   Arizona, in his official capacity,
21
                          Defendants.
22

23

1

**Introduction**

1. The plaintiff voters seek an order directing the defendant Governor to issue a writ of election as required by the Seventeenth Amendment to fill the current vacancy in Arizona's representation in the Senate. When a vacancy happens, the Seventeenth Amendment provides:

> "When vacancies happen in the representation of any State in the Senate, the executive authority of such State *shall* issue writs of election to fill such vacancies, *Provided*, That the Legislature of any State *may* empower the executive thereto make temporary appointments until the people fill the vacancies by election as the legislature may direct."
> (Emphasis supplied.)

2. On August 25, 2018, Senator John McCain's death created a vacancy in Arizona's representation in the Senate. Despite the express duty imposed by the Seventeenth Amendment, the defendant Governor has failed to issue a writ of election. Instead pursuant to A.R.S. § 16-222, he has appointed defendant Kyl or his successor to represent plaintiffs and other voters until the general election in November 2020, long after the people of the State could have filled the vacancy in an orderly election.

3. Under the proviso to the second paragraph of the Seventeenth Amendment and under Article I, section 4 of the Constitution (Elections Clause), the state legislature has no authority to mandate that a temporary appointee shall serve in lieu of or in preference to a Senator directly elected by the people, beyond any period necessary to hold an orderly election. The state legislature may not substitute its own choice or the

Governor's choice for a choice made by the people of the State. Furthermore, under A.R.S. § 16-222, under other circumstances, it is well established that an orderly schedule for election of a Senator can ordinarily take place within six months.

4.     Accordingly, plaintiffs seek an order directing the Governor immediately to issue a writ of election to fill the vacancy in the State's representation as soon as practicable or in any case not later than six months from the issuance of the writ.

**Parties**

5.     Plaintiffs William Price Tedards, Jr., Monica Wnuk, Barry Hess, and Lawrence Lilien are residents of Arizona.

6.     Defendant Governor Ducey is the Governor of Arizona and is sued here in his official capacity.

7.     Defendant Jon Kyl is currently serving in the United States Senate to fill the vacancy created by the death of Senator John McCain and is sued here as an indispensable party defendant and in his official capacity.

**Jurisdiction and Venue**

8.     Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1343 and 42 U.S.C. § 1983, and under the federal question jurisdiction of this Court.

**Facts**

9.     Plaintiffs all are registered voters.

10.     Plaintiff Tedards is registered as an Independent.

11.     Plaintiff Wnuk is registered as a Democrat.

12.     Plaintiff Hess is registered as a Libertarian.

13.     Plaintiff Lilien is registered as a Democrat.

14.     Plaintiff Trumble is registered as a Republican.

15.     In the general election of 2016, John McCain was elected to a six-year term that expires on January 3, 2023.

16.     On August 25, 2018 Senator McCain died after a long illness, and a vacancy arose in the state's representation in the Senate.

17.     In the case of a vacancy, the Seventeenth Amendment provides as follows:

> "When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writes of election to fill such vacancies, Provided, That the Legislature of any State may empower the executive thereto make temporary appointments until the people fill the vacancies by election as the legislature may direct."

18.     On September 5, 2018 pursuant to A.R.S. § 16-222, the defendant Governor appointed Jon Kyle and any successor to serve on a "temporary" basis in the United States Senate.

19.     Under A.R.S. § 16-222, Kyl or any successor named by the defendant Governor shall serve until the general election to be held in November 2020, over two years after his temporary appointment.

20.     Under A.R.S. § 16-222, there is no provision for a special election to fill a Senate vacancy except at the next general election, however far off that may be.

21.     Under A.R.S. § 16-222, and under other provisions of Arizona law, it is otherwise the case that an election for a United States Senator can take place within six months.

22.     Under A.R.S. § 16-222, if the vacancy arises within six months of the next general election, such election to fill the vacancy will be postponed until the next general election.

23.     Since Senator McCain died on August 25, 2018, and since his death occurred within six months of the election just held on November 6, 2018, an election to fill the vacancy has been postponed for two years until the next general election in November 2020.

24.     As a result, plaintiff voters and other citizens of Arizona will be deprived of elected representation in the Senate for over twenty eight months, and will suffer irreparable injury from such a lengthy loss of elected representation in the United States Senate.

**COUNT I**

**Section 1983: Violation of the Seventeenth Amendment**

25.     By the acts set forth above, and in violation of 42 U.S.C. §1983, and by failing to issue a writ of election setting a date to fill the vacancy created by the death of Senator John McCain, and by keeping in office a "temporary" appointee far beyond the period within which an orderly election could be held, the defendant Governor has deprived plaintiffs and other citizens of their right to vote under the Seventeenth Amendment and to determine who shall represent the people in the Senate.

26.     As set forth above, the authority conferred on the state legislature by the proviso of the second paragraph of the Seventeenth Amendment confers on a state

legislature no more authority than it has under U.S. Const. Article I, section 4 (Elections Clause).

27.     Under the Elections Clause, and equally under such proviso, the state legislature may issue only procedural regulations as to Time, Place and Manner, as necessary to facilitate the right of the people to fill the vacancy pursuant to a writ of election.

28.     Under the Elections Clause, and equally under such proviso, the state legislature has no authority to interfere with the right of plaintiffs and other citizens to choose their own Senator, and no authority to prefer a Senator appointed by the Governor beyond the period that the people of the State could have filled the vacancy by an orderly election.

29.     Accordingly, A.R.S. § 16-222 is unconstitutional under the Seventeenth Amendment and the Elections Clause because it mandates that the Governor keep in office a temporary appointee beyond the period that the people could choose a replacement and for such reason is an unlawful interposition between the people and the National Government.

**COUNT II**

**Section 1983: Violation of Privileges and Immunities Clause**

30.     By the acts set forth above, and in violation of 42 U.S.C.§ 1983, the defendant Governor has deprived the plaintiffs of their rights as federal citizens under the Privileges and Immunities Clause of the Fourteenth Amendment

**COUNT III**

6

**Section 1983: Violation of First Amendment**

31.     By the acts set forth above, and in violation of 42 U.S.C.§ 1983, the defendant Governor has deprived the plaintiffs of their rights under the First Amendment

**COUNT IV**

**Section 1983: Violation of Equal Protection Clause**

32.     By the acts set forth above, and in violation of 42 U.S.C. § 1983, the defendant Governor has deprived the plaintiffs of their rights under the Equal Protection Clause of the Fourteenth Amendment.

WHEREFORE plaintiffs pray this Court to

    A.  Order the defendant Governor immediately to issue a writ of election for an election by the people of the State to fill the vacancy created by the death of Senator McCain;

    B.  Order the defendant Governor to hold such election as soon as practicable and no later than six months from the date such writ is issued;

    C.  Declare that A.R.S. § 16-222 is unconstitutional in relevant part for the reasons set forth above in that A.R.S. § 16-222 fails to allow for the Governor to issue a writ or otherwise perform his constitutional duty under the Seventeenth Amendment;

    D.  Declare that A.R.S. § 16-222 is unconstitutional under the Seventeenth Amendment and the Elections Clause for the reasons set forth above in that it requires a temporary appointee to serve in the Senate beyond the period that the people of Arizona could fill the vacancy by election;

7

E.  Declare that A.R.S. § 16-222 for the reasons set forth above is an unlawful interposition between the people of the State and the National Government and that in enforcing A.R.S. § 16-222 and in violation of 42 U.S.C. §1983, the defendant Governor is depriving or will deprive the plaintiffs and other citizens of this State of their rights under the Seventeenth Amendment, the First Amendment, and the Privileges and Immunities Clause and the Equal Protection Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983;

F.  Grant such other relief as may be necessary or appropriate to hold such an election in an orderly manner and pursuant to state law where not otherwise in conflict with plaintiffs' constitutional rights;

G.  Retain jurisdiction of this matter until an election to fill the vacancy is held and the outcome of  such election is certified;

H.  Grant plaintiffs their legal fees and costs pursuant to 28 U.S.C. § 1988.

Dated: November 28, 2018                              Respectfully Submitted,

                                                      By: /s/ Michael Kielsky
                                                       One of Plaintiffs' Attorneys

Michael Kielsky
Udall Shumway
1138 North Alma School Rd, Suite 101
Mesa, Arizona 85201
MK@UdallShumway.com
(480) 461-5300
Bar No. 021864

Thomas H. Geoghegan *(pro hac vice)*
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
admin@dsgchicago.com
(312) 372-2511