Thomas H. Geoghegan (*pro hac vice*)
tgeoghegan@dsgchicago.com
Michael P. Persoon (*pro hac vice*)
mpersoon@dsgchicago.com
Michael A. Schorsch (*pro hac vice*)
mschorsch@dsgchicago.com
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
Tel. (312) 372-2511
Fax. (312) 372-3791
admin@dsgchicago.com

Michael Kielsky
MK@UdallShumway.com
Udall Shumway
1138 North Alma School Rd, Suite 101
Mesa, Arizona 85201
Tel. (480) 461-5300
Bar No. 021864

*Attorneys for Plaintiffs.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| William Price Tedards, Jr.; Monica Wnuk; Barry Hess; Lawrence Lilien; and Ross Trumble, <br><br> Plaintiffs, <br><br> v. <br> Doug Ducey, Governor of Arizona, in his official capacity, and Jon Kyl, Senator of Arizona, in his official capacity, <br><br> Defendants. | No. 2:18-cv-4241-PHX-DJH <br><br> Hon. Diane J. Humetewa <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT** |

1

**Introduction**

1. On August 25, 2018, Senator John McCain's death created a vacancy in Arizona's representation in the Senate.

2. In the case of such a vacancy, Arizona law, A.R.S. 16-222, does not provide for any special election until the next general election—and when the vacancy arises within 150 days of the next primary, it delays the special election for an additional two years. Since the vacancy created by the death of Senator McCain occurred three days before the recent primary election of August 28, 2018, plaintiffs and other voters will have no elected representation until they can vote to fill the vacancy in November 2020—a delay of approximately twenty-seven months,[1] longer than an entire Congressional term.

3. Twenty-seven months is far too long, and any delay longer than a year is presumptively suspect absent a showing it is necessary to serve some compelling state interest. By enforcing a law to delay a special election for twenty-seven months, and by denying the right of the people to direct elected representation in the Senate for such period, the defendant Governor has effectively denied the right to a special election required by the Seventeenth Amendment.

---

[1] This assumes that the person elected in November 2020 would begin serving immediately rather than waiting for the start of the next Congressional term in January 2021.

**Parties**

4. Plaintiffs William Price Tedards Jr., Monica Wnuk, Barry Hess, Lawrence Lilien and Ross Trumble are residents of Arizona.

5. Defendant Governor Ducey is the Governor of Arizona and sued here in his official capacity.

6. Defendant Jon Kyl is currently serving in the United States Senate to fill the vacancy created by the death of Senator John McCain and will serve at the pleasure of the Governor and provided that he maintain his membership in the Republican party.

**Jurisdiction and Venue**

7. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

8. Venue is appropriate in this judicial district because the defendant Governor resides in the Phoenix division of this judicial district.

**Facts**

9. Plaintiffs are all registered voters in the State of Arizona.

10. Plaintiff Tedards is registered as an Independent.

11. Plaintiffs Wnuk and Lilien are registered as Democrats.

12. Plaintiff Hess is registered as a Libertarian.

13. Plaintiff Trumble is registered as a Republican.

14. On August 25, 2018 Senator John McCain, whose term expires in January 2023, died after a long illness, and a vacancy arose in the State's representation in the United States Senate.

15. In such a case, the Seventeenth Amendment provides as follows:

> "When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: *Provided,* That the Legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct."

16. Under A.R.S. 16-222, which is the state law that controls the filling of a vacancy in the Senate, there is no provision for a special election of senators except upon occasion of the next general election.

17. Furthermore, also under A.R.S. 16-222, when a vacancy arises within 150 days of the next statewide primary election, the special election is postponed an additional two years until the following general election.

18. Accordingly, under A.R.S. 16-222, and by writ issued by the Governor on September 5, 2018, the vacancy created by the death of Senator McClain will not be filled by election of the people for a period of about twenty-seven months.

19. Other than a pro forma citation to state law, no reason is given in the writ for the delay of such a special election for over two years.

20. In addition, A.R.S. 16-222 not only delays the election for twenty-seven months without any specific reason but requires that the Governor keep in place a temporary appointee until an election is held at such a distant time.

21. On September 5, 2018 pursuant to A.R.S. 16-222, the defendant Governor appointed Jon Kyl to serve as temporary appointee.

4

22. Senator Kyl has since given notice of his resignation and will cease to serve in the Senate on December 31, 2018.

23. On December 18, 2018 the defendant Governor appointed Martha McSally to serve as Kyl's replacement in the Senate as temporary appointee. McSally's appointment will begin January 1, 2019.

24. McSally lost an election for United States Senator from Arizona that was conducted just weeks ago on November 6, 2018.

25. Under the Governor's appointment, McSally will now represent the plaintiffs and other citizens in the United States Senate for roughly a two-year period during which they will have no opportunity to replace her.

26. Should McSally seek to run for the office in November 2020, she will have the advantage of a nearly two-year incumbency conferred by state law.

27. However, pursuant to A.R.S. 16-222, McSally may serve for such period provided that she be a member of the same party as the party of the late Senator John McCain, and a condition of her continued tenure in office is that she remain a member of the Republican party.

28. While A.R.S. 16-222 is facially neutral in requiring the temporary appointee to be the same political party as the Senator who formerly held the vacant position, under the circumstances it operates to endorse or sanction the expression of a particular partisan viewpoint—that of the Republican party—as a condition or qualification for service in the Senate.

29. A.R.S. 16-222 has no recital or legislative finding as to why an election to fill a Senate vacancy must be postponed for twenty-seven months or more, or why such delay serves any compelling state interest.

30. By contrast, A.R.S. 16-222 does provide for a special election to fill a vacancy in the U.S. House of Representatives at times other than a general election, and has no sanction or requirement to delay such an election for a two-year period or until a general election is held.

## Count I

### Section 1983: Deprivation of Right To Vote under the Seventeenth Amendment and Other Provisions

31. By the acts set forth above, and by enforcing a state law that delays a special election to fill the McCain vacancy for twenty-seven months, or causes any delay of a special election significantly greater than a year and in violation of 42 U.S.C. § 1983, the defendant Governor has deprived or interfered with plaintiffs' right to vote to fill the vacancy under the Seventeenth Amendment and deprived or interfered with their right under the Privileges or Immunities Clause of the Fourteenth Amendment to have continuing direct elected representation in the Senate, except for reasonable and brief interim periods necessary to hold an orderly election.

32. By the acts set forth above, and by enforcing a state law that delays a special election to fill the McCain vacancy for twenty-seven months, or causes any delay of a special election significantly greater than a year, and in violation of 42 U.S.C. § 1983, the defendant Governor has acted to severely restrict the plaintiffs' right to vote

6

which arises as well under the First Amendment and Equal Protection Clause of the Fourteenth Amendment.

33. A delay of twenty-seven months is just too long, and such a delay in a special election is a de facto denial of a special election, not justified by any compelling state purpose.

## Count II

### Section 1983: Violation of Elections Clause and Seventeenth Amendment

34. As set forth above, under the instant facts A.R.S. 16-222 mandates that the Governor keep in place a temporary appointee to serve for twenty-seven months—longer than a Congressional term—and to serve instead of an elected Senator chosen by the people of the state.

35. By mandating such an appointment for a period of twenty-seven months, A.R.S. 16-222 is in conflict with the procedure for filling a Senate vacancy as set out in the second paragraph of the Seventeenth Amendment, which states that the legislature may only "empower" but not require the Governor to make such an appointment.

36. Furthermore, by mandating that an election be postponed so that a temporary appointee can serve for twenty-seven months, and by excluding plaintiffs and other voters from electing a Senator to replace such appointee, A.R.S. 16-222 exceeds the authority conferred on the state legislature by Article I, section 4 of the Constitution (Elections Clause), which limits the state legislature to adopting neutral procedural regulations with respect to federal elections.

37. By enforcing a law that exceeds the authority of the state legislature as described above and that dictates or requires a temporary appointee to serve in the United States Senate for a period of twenty-seven months, and in violation of 42 U.S.C. § 1983, the defendant Governor has deprived the plaintiffs and other citizens of their rights under the Seventeenth Amendment and the Privileges or Immunities Clause of the Fourteenth Amendment to have elected representatives and not temporary appointees, except for the brief interim periods necessary to conduct an orderly election.

**Count III**

**Section 1983: Elections Clause, Qualifications Clause, and First Amendment**

38. As set forth above, A.R.S. 16-222 mandates that the temporary appointee who will serve for twenty-seven months be a member of the same political party as the Senator who the temporary appointee will replace.

39. The state legislature has no authority to impose such a qualification for holding office under the Seventeenth Amendment, the Elections Clause, or Article I, section 3 (the Qualifications Clause).

40. By so requiring a particular partisan viewpoint as a condition of service in the United States Senate, and by giving the imprimatur of state law to such a particular partisan viewpoint, A.R.S. 16-222 deliberately seeks or causes the dissemination of this particular viewpoint to the citizens of the state as a matter of state law.

41. By enforcing a state law to privilege or endorse a particular viewpoint, and in violation of 42 U.S.C. § 1983, the defendant Governor has deprived the plaintiffs their right under the First Amendment to be free from official endorsement by the State of

8

Arizona of the particular viewpoint that they will hear and receive from unelected persons serving in the Senate.

WHEREFORE, plaintiffs pray this Court to:

a. Declare that A.R.S. 16-222 is unconstitutional under the Seventeenth Amendment and the Privileges or Immunities Clause of the Fourteenth Amendment—as well as under the First Amendment and Equal Protection Clause—for the reasons and in the particular respects set out in Count I above.

b. Declare that A.R.S. 16-222 is unconstitutional under the Seventeenth Amendment and the Privileges or Immunities Clause of the Fourteenth Amendment for the reasons and in the particular respects set out in Count II above.

c. Declare that A.R.S. 16-222 is unconstitutional under the First Amendment, the Elections Clause, and the Qualifications Clause for the reasons and in the particular respects set out in Count III above.

d. Declare that the plaintiffs have a right to fill the vacancy by election of the people at a date no later than a year from which the vacancy arose, absent a finding that a delay of more than a year is necessary for a compelling state purpose.

e. Enjoin the Governor to issue a writ of election setting a date consistent with the rights of plaintiffs as declared above to have a special election to fill the vacancy created by the death of Senator McCain.

  f. Retain continuing jurisdiction of this case for other relief that may be appropriate to ensure a special election consistent with the rights of plaintiffs as declared above.

  g. Grant plaintiffs their legal fees and costs.

                  Respectfully Submitted,

Dated: December 21, 2018       By: /s/ Thomas H. Geoghegan
                    One of Plaintiffs' Attorneys