Michael T. Liburdi (#021894)
Dominic E. Draye (#033012)
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602.445.8000
Facsimile: 602.445.8100
Email:   liburdim@gtlaw.com
         drayed@gtlaw.com

Brett W. Johnson (#021527)
Colin P. Ahler (#023879)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail:   bwjohnson@swlaw.com
          cahler@swlaw.com

Anni L. Foster (#023643)
General Counsel
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007
Telephone: 602.542.4331
E-Mail: afoster@az.gov

*Attorneys for Defendant Doug Ducey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| William Price Tedards, Jr.; Monica Wnuk; Barry Hess; Lawrence Lilien; and Ross Trumble, <br><br> Plaintiffs, <br><br> v. <br><br> Doug Ducey, Governor of Arizona, in his official capacity, and Jon Kyl, Senator of Arizona, in his official capacity, <br><br> Defendants. | Case No. 2:18-cv-4241-PHX-DJH <br><br> **DEFENDANT DOUG DUCEY'S REPLY TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE** <br><br> Assigned to Hon. Diane J. Humetewa |

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

Sixty days have passed since this Court took Plaintiffs' motions for preliminary injunction under advisement. That passage of time amounts to exactly one-third of the time specified in Local Rule 7.2(n) for inquiring as to the status of a case. L.R. Civ. 7.2(n). Further disregarding the Rule, Plaintiffs initially made their request in the form of an *ex parte* letter to the Court rather than consulting Defendants' counsel and making a motion "according to the Administrative Policies and Procedures Manual." *Id.* This *ex parte* approach was especially inappropriate because Rule 7.2(n) specifies that "the *attorneys* of record in the case" shall make the motion, suggesting coordination among counsel for all parties. *Id.* (emphasis added). Beyond the anomalous procedure, however, Plaintiffs' effort to force an early decision is meritless.

Plaintiffs' argument distills to a single point: this case is important. This fact neither distinguishes this case from others pending before the Court nor points to the outcome Plaintiffs seek. The Local Rules presumably select an inquiry deadline of 180 days for a reason. The Court is busy, and motions inquiring as to the status of pending matters only add work to an already crowded docket. Plaintiffs justify their disregard for the Rules by observing that this case "'raises questions of national importance.'" Mot. 2 (quoting *Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018)). But cases of national importance are odd candidates for haste. Contrary to Plaintiffs' suggestion, a case implicating the composition of the United States Senate is one in which the Court should take all care to reach a correct decision that will be affirmed on appeal.

To the extent Plaintiffs' citation to Ninth Circuit precedent and its discussion of expedited appeals is intended to suggest that this Court is *obliged* to act quickly, that is mistaken. The appellate court can set whatever procedures it likes for appellate procedure; the procedures in this Court are governed by the Local Rules, which specify 180 days before a status inquiry is inappropriate.

Moreover, the Ninth Circuit's allusion in *Hamamoto* to a 47-day whirlwind from district court through *en banc* appeal is inapt. That case involved a pre-election challenge to voting procedures that needed to be resolved before election day arrived.

*Sw. Voter Educ. Proj. v. Shelley*, 344 F.3d 914 (9th Cir. 2003). The circumstances here are different because the appointment has already occurred, and the next election for U.S. Senate is 509 days away.

Plaintiffs are silent on any benefit they anticipate coming from an additional status conference. The Court has already heard the parties' arguments. Further argument would be inappropriate, unnecessary, and unhelpful. Like the instant motion, it would only further delay the Court's work on this admittedly important case.

The Court should deny Plaintiffs' Motion for Status Conference.

DATED this 13th day of June, 2019.

By: */s/* Dominic E. Draye
Michael T. Liburdi
Dominic E. Draye
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

Brett W. Johnson
Colin P. Ahler
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Anni L. Foster
General Counsel
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007

*Attorneys for Defendant Doug Ducey*

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on June 13, 2019 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Michael Kielsky**
Udall Shumway PLC
1138 N Alma School Rd., Ste. 101
Mesa, AZ 85201-6695
480-461-5309
Fax: 480-833-9392
Email: mk@udallshumway.com

**Michael P Persoon**
**Thomas H. Geoghegan**
Despres Schwartz & Geoghegan Limited
77 W Washington St., Ste. 711
Chicago, IL 60602
312-372-2511
Fax: 312-372-7391
Email: mpersoon@dsgchicago.com
Email: mschorsch@dsgchicago.com
Email: tgeoghegan@dsgchicago.com

☐  I hereby certify that on June 13, 2019 I served the attached document by United States First Class Mail upon the following, who are not registered participants of the CM/ECF System:

By: */s/ Carolyn Smith*
Employee, Greenberg Traurig, LLP